

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 29, 1957

Mr. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Opinion No. WW-289

Re: Whether, in the light of
Article 14.62 of the Code
and Opinion No. WW-139, a
mutual assessment company
may spend one hundred per-
cent of its mortuary fund
for a reinsurance contract
with another company which
provides something less
than one hundred percent
reinsurance on all policy-
holders or members.

Dear Mr. Harrison:

     You have requested our opinion as to whether a mutual
assessment company may spend 100% of its mortuary fund for a
reinsurance contract with another company which provides some-
thing less than 100% reinsurance on all policyholders or mem-
bers in the light of Article 14.62, Texas Insurance Code, and
Attorney General's Opinion No. WW-139.

     Article 14.62, Texas Insurance Code, provides that no
company or association shall pay more out of its mortuary or
claim fund under reinsurance contracts or agreements than is
currently received by the mortuary or claim fund on the policies
of members reinsured. This limitation has been discussed in
Opinion WW-139, which held that if only 50% of the policies of
its members are reinsured then the company could not pay more
out of the mortuary fund for such reinsurance than such fund was
currently receiving from the premiums from such 50% of such poli-
cies, for the reason that each policyholder or member has a cer-
tain interest in the mortuary or claim fund and is protected by
it.

     Under the situation contained in your request it is
apparent that each member would receive equal protection under
the reinsurance contract, although such protection would not be
a full or 100% protection, but the entire mortuary fund would
be paid out to the reinsuring company as a consideration for the
partial reinsurance of the policyholders. Article 14.62 places
no additional limitation as to the amount of such reinsurance
contracts or agreements other than that such contracts or

agreements are subject to the approval of the Commissioner of Insurance.

However, Article 14.23, Texas Insurance Code, provides that when and if, in the course of operation, it shall be apparent that the claims cannot be met in full from current assessments and funds on hand, the amount must be increased until they are adequate to meet such claims, and the Board shall so order.

From the factual situation contained in your request, although all of the members would receive equal protection under the reinsurance contract, the amount for which each member was protected would be less than 100%, or full protection on the policy. It would therefore be necessary for the Commissioner of Insurance to increase the assessment of the members so as to provide for 100% coverage in the mortuary fund to meet the deficiency between 100% and the amount of reinsurance covering each policyholder.

It is our opinion that the granting or withholding of approval of the proposed reinsurance contracts is wholly within the discretion of the Commissioner of Insurance, subject only to the limitation contained in Article 14.62 construed in Opinion WW-139, and to the limitation contained in Article 14.23 just discussed, provided that all of the policyholders subject to the reinsurance contracts have equal protection with each other.

## SUMMARY

A contract of insurance made by a mutual assessment company doing a life, health and accident business under the provisions of Chap. 14, Texas Insurance Code, which provides for the payment of the entire mortuary fund as a consideration for only partial reinsurance of the policies of all its members does not violate the provisions of Arts. 14.62 and 14.23, Texas Insurance Code, as a matter of law, and the approval or disapproval thereof by the Commissioner of Insurance is a matter resting solely in his discretion.

Yours very truly,

WILL WILSON
Attorney General of Texas

By C. K. Richards
C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Wallace P. Finfrock
L. P. Lollar
J. Arthur Sandlin
Richard B. Stone